IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LINDA J. PUTMAN, )
        Plaintiff, )
v. ) Case No. CIV-07-026-KEW
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
        Defendant. )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on September 11, 2009 (Docket Entry #26). Counsel requests that they be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $15,092.80. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel filed Plaintiff's opening and reply briefs. Plaintiff prevailed, resulting in a reversal of the ALJ's decision and remand of the case for further consideration. Plaintiff was awarded attorneys' fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $3,731.30. On remand, the ALJ found Plaintiff had been disabled

since November of 2002 and awarded past due benefits of $69,446.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). Recently, the Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant recognizes its limited stake in the award to Counsel. However, he does take issue with the manner in which Counsel seeks to collect the total § 406(b) fee. Counsel proposes that it be awarded $15,092.80, contending the Commissioner should still be holding $11,361.50 after the agency representative was awarded the statutory $6,000.00 and that the remainder of the fee should be satisfied by Counsel's retention of the EAJA fee award. This Court agrees with Defendant that the appropriate method of recovery, regardless of the agreement between Counsel and Plaintiff, is to award the § 406(b) fee to be paid from the amount

2

held by the Commissioner and for Counsel to refund the previously awarded EAJA fee to Plaintiff. Any agreement between Counsel in the assignment of benefits is contractual in nature and will not be enforced in this proceeding by this Court.

This collection issue, however, does not affect the analysis of the fee request. This Court acts as an "independent check" as to the reasonableness of the award. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained. Moreover, Defendant's stated concern that Counsel have been compensated by EAJA is allayed by the fact Counsel must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987). Thus, counsel will be required to make the refund.

IT IS THEREFORE ORDERED that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on September 11, 2009 (Docket Entry #26) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $15,092.80 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 14th day of October, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE